UNITED STATES DISTRICT COURT
WESTERN DISTRICT LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| DANIEL BECKMAN, REBECCA ANN JORDAN FORD AND HOYT BRYAN FORD, MERRITT AND GERALD H. LOREY, CHRISTI AND DEREK W. NAQUIN, AND FLEMING BROTHERS INC. | * * * * * * * | CIVIL ACTION NO. _____ |
| VERSUS | * * | SECTION: _____ |
| EXCO RESOURCES, INC. AND EXCO OPERATING COMPANY, LP | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Related to: *Andre v. Exco Resources, Inc*, 11-cv-00610-SMH-MLH (W.D. La.)

## COMPLAINT

The Plaintiffs, Daniel Beckman, Rebecca Ann Jordan Ford and Hoyt Bryan Ford, Merritt and Gerald H. Lorey, Christi P. and Derek W. Naquin, and Fleming Brothers Inc., bring this action individually and as members of the class in the action styled *Andre v. Exco Resources*, 11-cv-00610-SMH-MLH (W.D. La.), by and through the undersigned counsel of record, and aver as follows:

### PARTIES

1. The Plaintiffs are all residents of the State of Louisiana, and reside in the Western District of Louisiana, and more particularly in Shreveport, Louisiana in close proximity to DeBroeck Landing, Caddo Parish, Louisiana.

2. The Plaintiff Daniel Beckman is a major and domiciled in Caddo Parish, and resides at 10699 Goldsberry Road, Shreveport, LA 71106.

1

3.     The Plaintiff Rebecca Ann Jordan Ford and Hoyt Bryan Ford are majors and domiciled in Caddo Parish, and reside at 546 Minnett Drive, Shreveport, LA 71106.

4.     The Plaintiff Merritt and Gerald H. Lorey are majors and domiciled in Caddo Parish, and reside at 10690 Goldsberry Road, Shreveport, LA 71106.

5.     The Plaintiff Christi P. and Derek W. Naquin are majors and domiciled in Caddo Parish, and reside at 10680 Goldsberry Road, Shreveport, LA 71106.

6.     The Plaintiff Fleming Brothers Inc. is a Louisiana corporation domiciled in Caddo Parish, and with its primary place of business located in Caddo Parish at 11403 Norris Ferry Road, Shreveport, Louisiana 71106.

4.     The Defendant EXCO RESOURCES, INC. (hereinafter referred to as "Exco"), is a foreign corporation organized and existing under the laws of the State of Texas and doing business in the State of Louisiana. Exco's principal business establishment in Louisiana is within the jurisdiction of this Court. EXCO may be served through its registered agent for service of process C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton rouge, LA 70808.

5.     The Defendant Exco Operating Company, LP is a foreign partnership organized and existing under the laws of the State of Delaware and doing business in the State of Louisiana. Upon information and belief, Exco Operating Company, LP's principal business establishment in Louisiana is within the jurisdiction of this Court. Exco Operating Company, LP may be served through its registered agent for service of process: C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

6.     The Defendant Exco Resources, Inc. and the Defendant Exco Operating Company, LP are hereinafter collectively referred to as "the Exco Defendants."

## JURISDICTION AND VENUE

7. The Plaintiffs bring this civil action against the Exco Defendants pursuant to 28 U.S.C. § 1332(a), as the claims alleged exceed the sum or value of $75,000.00, including attorney fees and costs, and this is an action between citizens of different states, as provided by law.

8. Venue is proper in this District and Division. The Exco Defendants' primary place of business in Louisiana is located in the Wester District of Louisiana.

9. Upon information and belief, the majority of witnesses and documentary evidence giving rise to and associated with this action reside or are located in this District.

10. Further, upon information and belief, a significant number of activities giving rise to this action were initiated or took place in this District and Division, as further plead herein.

11. More importantly, as plead herein, the Plaintiffs assert significant personal and property damages and economic losses as a direct proximate cause of the Exco Defendants' actions or inaction, and that there are sufficient contacts with the State of Louisiana and the parties' actions and resulting damages and losses to warrant maintenance of this action in this District and Division.

12. The Plaintiffs aver this action is governed by the laws of the State of Louisiana. The State of Louisiana's interests in maintaining policies and laws governing exploration, drilling and production of oil and natural gas, and protection of its citizens' property and the natural resources of this State, including water, would be most seriously impaired if either federal law or the laws of another state were applied to this action, as more fully provided by Louisiana Civil Code articles 3515 *et seq.*

## ALLEGATIONS

13. The Plaintiffs are natural and juridical persons who are all majors and long-time residents of and/or domiciled in Caddo Parish, or conduct business in Caddo Parish.

14. The Plaintiffs are owners of immovable property located in Caddo Parish, and more particularly, they own property adjacent to or in close proximity to DeBroeck Landing, Caddo Parish, Louisiana.

15. The Plaintiffs each have one or more operational water supply wells located on their immovable properties in Caddo Parish, including drinking water supply wells.

16. The Plaintiffs have each used and personally consumed water from drinking water supply wells located on their immovable property near DeBroeck Landing, Caddo Parish, Louisiana.

17. Water obtained from water supply wells located on the Plaintiffs' immovable property near DeBroeck Landing, Caddo Parish, Louisiana comes from the Carrizo-Wilcox aquifer system.

18. The Carrizo-Wilcox aquifer system is an important natural resource for the people of Caddo Parish, Northwest Louisiana and the State of Louisiana.

19. The Carrizo-Wilcox aquifer system contains fresh water suitable for residential, commercial and agricultural needs. It is one of the oldest fresh water aquifer systems in Louisiana.

20. The Carrizo-Wilcox aquifer system varies in depth depending upon location. Upon information and belief, the upper sands of the Carrizo-Wilcox aquifer system are very shallow in the areas underlying the Plaintiffs' property near DeBroeck Landing, Caddo Parish, Louisiana.

21. Upon information and belief, the Carrizo-Wilcox aquifer system begins at less than fifty feet below ground level in the areas underlying the Plaintiffs' property near DeBroeck Landing, Caddo Parish, Louisiana.

22. Upon information and belief, the Carrizo-Wilcox aquifer system ends at around 1,100 feet below sea level in the areas underlying the Plaintiffs' property near DeBroeck Landing, Caddo Parish, Louisiana.

23. The Exco Defendants are oil and natural gas exploration, exploitation, development and production companies.

24. The Exco Defendants have multiple operation sites. They operate in multiple states, with principal operations located in North Louisiana, and within the jurisdiction of this Court.

25. The Exco Defendants operate more than one natural gas well near DeBroeck Landing, Caddo Parish, Louisiana.

26. On April 18, 2010, a natural gas well operated by the Exco Defendants near DeBroeck Landing, Caddo Parish, Louisiana experienced problems resulting in the contamination of the Carrizo-Wilcox aquifer system underlying the well drilling site and the Plaintiffs' property.

27. On early-morning, Monday, April 19, 2010, the Exco Defendants notified state and local authorities of the problems associated with their natural gas well and of the contamination of the Carrizo-Wilcox aquifer system.

28. As a result of the Exco Defendants's actions or inaction, natural gas and other contaminants infiltrated the Carrizo-Wilcox aquifer system.

29. To this date, natural gas and other contaminants continue to infiltrate and contaminate the Carrizo-Wilcox aquifer system underlying the drilling well site and the Plaintiffs' properties, or have the potential to infiltrate in the future.

30. At all relevant times, the Exco Defendants maintained care, control, custody and garde over all of the drilling equipment and apparatuses, including drilling muds and tubing,

involved in the failed natural gas well causing the contamination of the Carrizo-Wilcox aquifer system.

31. Upon information and belief, the Exco Defendants used drilling muds and solutions to obtain natural gas for which the formulation must be disclosed to Plaintiffs so that appropriate tests and monitoring of the aquifer may take place.

32. Additionally, as a result of the Exco Defendants' actions or inaction, the Plaintiffs were forced to evacuate their homes or businesses in Caddo Parish, Louisiana.

33. Following the Exco Defendants' well failure and contamination of the Carrizo-Wilcox aquifer system, state and local authorities advised the Plaintiffs and members of the public near DeBroeck Landing, Caddo Parish, Louisiana of the hazards to health and safety resulting from the contamination of the aquifer system.

34. Specifically, governmental authorities advised the situation was "serious", and warned against consuming or using water from the aquifer system, including using the water to bathe or for washing clothes.

35. Governmental authorities also warned against smoking or having "any kind of open flames" near water systems connected to water supply wells obtaining water from the Carrizo-Wilcox aquifer system near DeBroeck Landing, Caddo Parish, Louisiana.

36. Natural gas and other contaminants that infiltrated the Carrizo-Wilcox aquifer system are not naturally found in this aquifer system. They are present in the aquifer system solely from the actions or inaction of the Exco Defendants.

37. Natural gas and other contaminants which have contaminated and continue to contaminate the Carrizo-Wilcox aquifer system are highly persistent and do not readily break-down

in groundwater.

38. The Plaintiffs bear no responsibility for the presence of natural gas or other contaminants in the Carrizo-Wilcox aquifer system following the April 18, 2010 well failure, as complained of herein, and have no responsibility for its detection, monitoring or remediation.

39. The presence of contaminants, including natural gas and brine water, in the Carrizo-Wilcox aquifer system as a result of the Exco Defendants' action or inaction presents an unreasonable risk of harm to the Plaintiffs and the other residents of Caddo Parish near DeBroeck Landing, Caddo Parish, Louisiana.

40. The presence of contaminants from the Exco Defendants' drilling activities and/or well failure present an immediate and imminent threat to the Carrizo-Wilcox aquifer system.

41. In fact, the Exco Defendants' drilling activities and/or well failure has already contaminated the Carrizo-Wilcox aquifer system, and will continue to contaminate the aquifer system until they are removed.

42. The presence of contaminants in the Carrizo-Wilcox aquifer system from the Exco Defendants' drilling activities and well failure pose a threat to the health, safety and welfare of the Plaintiffs and the community near DeBroeck Landing, Caddo Parish, Louisiana as a whole.

43. The Plaintiffs seek to recover economic damages, in an amount reasonable in the premises to be determined at trial on the merits, sustained by them, including remediation costs of groundwater and the diminution or loss of property value, including damages for the stigma placed on the marketability of their property due to the presence of contaminants originating from the Exco Defendants' drilling activities and/or well failure on or under their property, and other economic damages they are entitled to by law.

44. The Plaintiffs seek to recover all other general and equitable relief to which they are entitled under state law, including, but not limited to, a declaratory judgment of their rights as landowners and the Defendants' breach of those rights.

45. Further, the Plaintiffs seek to recover all other general and equitable relief to which they are entitled under strict liability based upon the Defendants' status as a neighboring property owner or lessee and the ultra hazardous nature of the activities engaged in by the Exco Defendants.

46. The Plaintiffs also seek to recover all other general and equitable relief to which they are entitled under negligence; nuisance; trespass; injunctive relief; damages for unjust enrichment; and attorney fees and costs, pursuant to La. Rev. Stat. § 30:2015.1, or as otherwise provided by state law.

47. Additionally, the Plaintiffs seek any and all damages derivative of the economic losses sustained by them, including, but not limited to the loss of use or impairment of use to their property, including their water well systems, and inconvenience, trespass and nuisance.

48. The Plaintiffs' are long-time residents of Caddo Parish. The people of Caddo Parish, including the Plaintiffs, have a rich history and association to the land in the area. The Plaintiffs seek to have their property remedied for themselves and for and because of their ancestors and descendants historical and future use of property and the impacted aquifer system in Caddo Parish.

49. As property owners and residents of Caddo Parish, and as users and consumers of the Carrizo-Wilcox aquifer system impacted by the Exco Defendants' drilling activities and/or well failure, the Plaintiffs have the most compelling personal interests under state law to seek complete remediation of all contamination and sources of contamination resulting from the Exco Defendants' actions or inaction as plead herein.

50. In addition, the Plaintiffs seek damages derivative of the economic losses sustained by them, including aggravation, mental anguish or emotional distress resulting form the loss of value or impairment to their property, fear of possible exposure to known toxins, and any related stress or inconvenience resulting form the Exco Defendants' actions or inaction as plead herein.

51. Pursuant to La. Rev. Stat. § 30:2015.1, or as otherwise provided by state law only, the Plaintiffs seek an order requiring the Exco Defendants to pay for a full and complete evaluation and remediation of the groundwater underlying their properties and the Carrizo-Wilcox aquifer system, as contained in a complete plan of assessment, evaluation and remediation to be submitted by the Plaintiffs to the Louisiana Department of Environmental Quality (LDEQ).

52. The Plaintiffs specifically request the development and implementation of a long-term monitoring program around their properties and in the vicinity of the blown Exco well.

53. The Plaintiffs' plan includes a request for multiple deepwater monitoring wells to ensure the complete monitoring of the aquifer system in the area and to ensure that any potential brine waters which could infiltrate the aquifer system through the conduit created by the blown well are observed, tracked and remediated, as necessary.

54. The Plaintiffs' plan further includes a request for the formulation of all drilling muds and solutions used in drilling at the site to ensure the complete monitoring of the aquifer system in the area and to ensure that any potential hazardous substances are thoroughly observed, tracked and remediated, as necessary.

55. The Plaintiffs' requested plan under § 30:2015.1 is limited to the area in the immediate vicinity of the subject Exco well and the Plaintiffs' properties.

56. The Plaintiffs do not request relief under § 30:2015.1 for the entirety of Caddo Parish, the City of Shreveport or users of the Carrizo-Wilcox aquifer system.

57. The impacted and threatened area of the aquifer system sought to be addressed by the Plaintiffs herein is limited in scope and may be established, classified and quantified by experts in the field to be identified by the Plaintiffs at a future point in time.

58. Additionally, the Plaintiffs seek an injunction preventing the Exco Defendants from submitting a plan for consideration to the LDEQ which does not fully and completely address remediation of the level of contamination originating from the Exco Defendants' drilling activities and/or well failure, or which may originate in the future.

59. It is well-established that oil and gas wells may act as a conduit for deepwater brines to infiltrate shallower fresh water aquifer systems and increase the salinity of the freshwater system in an unnatural manner.

60. The Plaintiffs are entitled to maintain and preserve the freshwater aquifer system underlying their properties and to seek redress of any potential source of contamination of that system from a responsible party.

61. Further, the Plaintiffs are entitled to a declaration of the Exco Defendants' status as responsible parties under the law for any and all actual or potential impact to the aquifer system underlying the Plaintiffs' properties.

62. The Plaintiffs further seek an injunction prohibiting the Exco Defendants from committing further breaches of their duties owed to the Plaintiffs and other residents and property owners adversely affected by the Exco Defendants' actions or inaction, including the contamination of the Carrizo-Wilcox aquifer system, as plead herein.

63. The damages alleged herein to the Carrizo-Wilcox aquifer system constitute damages or impact to "usable groundwater" as defined by § 30:2015.1.

64. As property owners whose property is or may become contaminated, and who use the Carrizo-Wilcox aquifer system, the Plaintiffs' interests are legally protectable and at stake in this action. The Plaintiffs are also taxpayers in Caddo Parish and the State of Louisiana.

65. The Plaintiffs have an interest in protecting the public fisc and maintaining the health and welfare of the Caddo Parish community impacted by the Exco Defendants' actions and inaction, as plead herein.

66. The Exco Defendants' drilling activities and/or well failure has and will continue to contaminate private and public property, in particular, the Carrizo-Wilcox aquifer system.

67. The Plaintiffs further assert that the failure of the Exco Defendants to properly remediate all contamination from their drilling activities and/or well failure will not only increase their personal financial burden, but will also increase their tax burden. For example, the State of Louisiana and Caddo Parish authorities have already incurred extensive costs to test for contamination of drinking water wells and the Carrizo-Wilcox aquifer system.

68. Absent complete remediation and long-term monitoring, the private and public financial burden will increase for taxpayers and residents of Caddo Parish, such as the Plaintiffs, as a result of the potential development and implementation of public works to bring potable water to residents impacted by the Exco Defendants' contamination of the underlying aquifer system.

69. Additional costs, including the maintenance and expansion of such public water systems and future environmental activities, is anticipated to continue into the future.

70. The Plaintiffs will also incur increased costs in abandoning their water well systems and in maintaining any public water supply.

71. Pursuant to Civil Code Article 2298, or as otherwise provided by state law, the Plaintiffs are entitled to compensation from the Exco Defendants for the reasonable cost or charges associated with the continued use of their property and the public's property for the disposal or storage of contaminants resulting from its drilling activities and/or well failure, as plead herein.

72. The Exco Defendants have been enriched without cause by using the Plaintiffs' property and the public's property as a median for the natural dilution, dispersion or remediation of contaminants which have and continue to impact the Carrizo-Wilcox aquifer system from its own actions or inaction, whereas the Plaintiffs and the public have suffered a corresponding impoverishment (e.g., property damage and contamination of the aquifer system).

73. The Plaintiffs seek a trial by jury on all issues so triable herein.

**WHEREFORE**, the Plaintiffs pray that the Exco Defendants be duly served with a copy of this Complaint, and after all legal delays have passed, that judgment be entered in favor of the Plaintiffs against the Exco Defendants for the following relief, as plead for herein: (1) For a trial on the merits and entry of judgment in favor of the Plaintiffs against the Exco Defendants; (2) For a declaration of the Plaintiffs' rights under Louisiana law, including their rights as Caddo Parish and Louisiana taxpayers, citizens and property owners; (3) For an injunction prohibiting the Exco Defendants from committing further breaches of its duties owed to the Plaintiffs and the residents and property owners near DeBroeck Landing, Caddo Parish, Louisiana, and from submitting a full and complete plan for evaluation and remediation of usable groundwater as defined by La. R.S. § 30:2015.1; (4) For an order declaring the Defendant responsible for the harms alleged herein and

directing that the Defendant pay for a court supervised groundwater evaluation and remediation plan submitted for and by the Plaintiffs; (5) For a monetary award to compensate the Plaintiffs and the public at large for the losses and damages they have or will incur; (6) For an award of reasonable attorney fees and costs, including expert fees and expenses; and (7) For such other general and equitable or injunctive relief as this Court deems just and appropriate under Louisiana law, whether stated herein, or as otherwise permitted or provided by law.

Respectfully submitted,

/s/T. Taylor Townsend
T. Taylor Townsend (La. Bar No. 20021), T.A.
KELLY & TOWNSEND, LLC
137 Saint Denis Street
P.O. Box 756
Natchitoches, LA 71458-0756
Telephone: (318) 352-2353
Facsimile: (318) 352-8918
Email: ttownsend@cp-tel.net

AND

/s/Alexander J. Mijalis
Alexander J. Mijalis (La. Bar No. 32162)
LUNN, IRION, SALLEY, CARLISLE & GARDNER
330 Marshall Street, Suite 500
Shreveport, LA 71101
Telephone: (318) 222-0665
Facsimile: (318) 220-3265
Email: rbk@lunnirion.com
Email: ajm@lunnirion.com

AND

/s/J. Chris Guillet
J. Chris Guillet (La. Bar No. 26312)
CORKEN, CREWS & GUILLET, LLC
616 Front Street
Natchitoches, LA 71457
Telephone: (318) 352-2302
Facsimile: (318) 352-7548
Email: cguillet@corkenscrews.net

AND

/s/N. Frank Elliot III
N. Frank Elliot III (La. Bar No. 23054)
N. FRANK ELLIOT III, LLC
P.O. Box 3065
Lake Charles, LA 70601
Telephone: (337) 309-6999
Facsimile: (337) 439-2545
Email: frank@nfelaw.com